USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/27/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID CRAVEN and
ALEXANDER J. CRAVEN,

Defendants,

and

ANNA CRAVEN,

Relief Defendant.

15-CV-1820 (JMF)

**~~[PROPOSED]~~ FINAL JUDGMENT AS TO DEFENDANT DAVID CRAVEN**

Upon the papers submitted in support of the Plaintiff Securities and Exchange Commission's request for a default judgment against Defendant David Craven, the docketed entries and all submissions in this matter, and the findings of the Court:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that David Craven is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud; or

(b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) David Craven's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with David Craven or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that David Craven is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) David




Craven's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with David Craven or with anyone described in (a).

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that David Craven is permanently restrained and enjoined from violating Section 9(a)(1) and 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(1),(2)] by using the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange:

(a) for the purpose of creating a false or misleading appearance of active trading in any security or a false or misleading appearance with respect to the market for any such security, (1) to effect any transaction in such security which involves no change in the beneficial ownership thereof, (2) to enter an order or orders for the purchase of such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of any such security, has been or will be entered by or for the same or different parties, or (3) to enter any order or orders for the sale of any such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of such security, has been or will be entered by or for the same or different parties; or

(b) to effect, alone or with one or more other persons, a series of transactions in any security registered on a national exchange, any security not so registered, or in connection with any security-based swap or a security-based swap agreement with

respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) David Craven's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with David Craven or with anyone described in (a).

**IV.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that David Craven is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**V.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that David Craven is liable for disgorgement of $4,868,135, representing his ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $509,312.56, and a civil penalty in the amount of $4,868,135 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(u)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78j(b)]. David Craven shall satisfy the foregoing payment obligations by paying $10,245,582.56 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

This liability for disgorgement and prejudgment interest (and for post judgment interest pursuant to 28 U.S.C. § 1961) shall be a joint and several liability of Defendant D. Craven and Defendant Alexander J. Craven.

David Craven may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices /ofm.htm. David Craven may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; David Craven as defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

David Craven shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, David Craven relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to David Craven. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. David Craven shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: August 26, 2015
New York, NY

UNITED STATES DISTRICT JUDGE

The orders freezing assets (Docket Nos. 9, 21, and 23) remain in effect unless and until the Court rules otherwise.

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON ____________